In re Schultz, Applicant.

(No. V85-63801—Decided June 16, 1987.)

Court of Claims of Ohio, Victims of Crime Division.

*Timothy J. Jacobs,* for appellee.
*Anthony J. Celebrezze, Jr.,* attorney general, and *David I. Jaffe,* for appellant.

WILLIAM F. BROWN, J. This matter was heard on appeal from the order issued by the three-commissioner panel of the Court of Claims of Ohio on October 29, 1986. In that order, the panel of commissioners affirmed the single commissioner's order of March 28, 1986, for payment of $5,414.11, in medical bills and lost wages. Further, the three-commissioner panel referred the claim back to the Attorney General for determination of the applicant's economic loss pertaining to the loss of educational grants and Veterans Administration Assistance Allowance. On November 19, 1986, the Attorney General filed a notice of appeal from the three-commissioner panel's order as it related to the loss of educational grants and veterans benefits being an economic loss and therefore an allowable expense.

The Attorney General's appeal of the three-commissioner panel's order was heard on February 23, 1987. The appellant was present and represented by an assistant Attorney General and the appellee was not present, nor was his counsel. Prior to the oral hearing the appellant had filed a brief and the applicant-appellee filed a brief and a supplemental brief.

The only issue to be determined on appeal is whether the applicant is entitled to an award for loss of educational grants and Veterans Administration Assistance Allowance. The award of reparations in the amount of $5,414.11 for allowable expense and work loss is not being considered or disturbed. This decision on appeal was determined by review of the file, R.C. Chapter 2743, analysis of the briefs prepared by both parties and the oral argument presented on February 23, 1987.

This court concurs with the three-commissioner panel's decision regarding the denial of the loss of clothing and watch as the statute allows reparations for expenses incurred for the care and treatment of physical injuries and not property loss. Further, this court rejects and reverses the three-commissioner panel's recommendation for determination of economic loss by the Attorney General's office in regard to lost educational grants and veterans benefits.

Pursuant to former R.C. 2743.51 (E), economic loss was defined as follows:

" 'Economic loss' means economic detriment consisting only of allowable expense, work loss, funeral expense, and replacement services loss. If criminally injurious conduct causes death, economic loss includes a dependent's economic loss and a dependent's replacement services loss. Noneconomic detriment is not economic loss; however, economic loss may be caused by pain and suffering or physical impairment."

I find the "loss" of educational grants and veterans assistance benefits for a particular time period does not fall within this definition. Economic detriment is not present where payments which would otherwise be made to a victim for school attendance, but for his injury, may be used at a later time for such attendance.

Therefore, the court does not agree with the three-commissioner panel's order and denies an award for reparations for the loss of educational grants and veterans benefits.

*Claim denied.*

WILLIAM F. BROWN, J., retired, of the Coshocton County Court of Common Pleas, sitting by assignment.